W. L. Green *v.* Fanny Cooper and Emily Johnstone.

## SUPREME COURT—IN BANCO.

### JULY TERM—1874.

*Allen, Ch. J., Harris and Judd, J. J.*

WILLIAM L. GREEN, SURVIVING EXECUTOR OF THE WILL OF WILLIAM A. COOPER, DECEASED, *vs.* FANNY COOPER AND EMILY JOHNSTONE,—IN EQUITY.

IF there is a devise of a certain "annuity to my two unmarried sisters F. and E. so long as they remain single and unmarried, and if one of them shall marry then to pay the same annuity to such one of them as shall remain single, and in case both of them shall marry, then the said annuity to cease:" HELD not void as being a condition in restraint of marriage, but a limitation until marriage, and that E. marrying, F. remaining single continued to take the whole annuity after E. became a widow.

Submission without action under the Code.

OPINION BY MR. JUSTICE JUDD :

The following are the facts of this case as taken from the submission:

William Algernon Cooper, of Honolulu, in the Island of Oahu, duly made his last will and testament in writing, dated the 16th day of July, 1859, whereby, after reciting that the testator was the owner of one undivided moiety of the house and premises in Honolulu, called and known as the Royal Hotel, as tenant in common with Stephen Spencer, as also of the dwelling house, lot and premises called Kalokohonu in Nuuanu Valley, as occupied by the said Stephen Spencer, with all furniture, stock in trade and other chattels therein respectively, and also of certain other property in the said will mentioned ; the said testator gave, devised and bequeathed all his properties to the plaintiff and the

testator's brother, Stewart Hamilton Cooper, upon trust (*inter alia*,) "out of the receipts and profits of the said Hotel to remit and pay to my father Joseph Cooper, now resident in Belfast, Ireland, an annuity of four hundred dollars, or eighty pounds sterling per annum, during his natural life, and upon his decease to remit and pay a like annuity to my two unmarried sisters, Fanny and Emily Cooper, so long as they remain single and unmarried; and if one of them shall marry, then to pay and remit the same annuity of eighty pounds per annum to such one of them as shall remain single; and in case both of them shall marry then the said annuity to cease."

The said testator died on or about the 8th day of August, 1859, without having altered or revoked the said will, which was duly proved in this Honorable Court by the executors therein named.

Stewart Hamilton Cooper, one of the executors, died on the 7th day of July, 1873, leaving the plaintiff, him surviving. Joseph Cooper, the father of the testator, deceased some time since.

The annuity of four hundred dollars was remitted to the testator's sisters (the defendants herein,) until Emily Cooper intermarried with and became the wife of one —— Johnstone, when the trustees remitted the whole of the annuity to the defendant, Fanny Cooper, who still remains sole and unmarried.

Mr. Johnstone, the husband of Emily Cooper, died on or about the —— day of November, 1873. The plaintiff having been advised that it was doubtful whether he was justified in remitting the whole of the annuity to the defendant Fanny Cooper, requested the defendant Emily Johnstone, to authorize him to do so, which the said defendant hath declined to do, alleging that the clause in the will which deprives her of her share in the annuity, on marriage, is void as being in restraint of marriage, which allegation

the defendant Fanny Cooper denies, and claims to be entitled to the whole annuity.

The plaintiff and defendants therefore submit the matter in dispute to this Honorable Court, and request its judgment whether the defendant, Emily Johnstone, is entitled to receive one moiety of the annuity of four hundred dollars.

Wherefore the undersigned pray that the Honorable the Justices of the Supreme Court having appointed a day on which counsel may be heard, will take the matters in difference above set forth under advisement, and to render such judgment as to right and justice may pertain.

#### BY THE COURT.

The question raised is whether the words of the will, to wit, "to remit and pay a like annuity to my two unmarried sisters, Fanny and Emily Cooper, so long as they remain single and unmarried, and if one of them shall marry, then to pay and remit the same annuity of eighty pounds per annum to such one of them as shall remain single, and in case both of them shall marry, then the said annuity to cease," ought to be considered as imposing a condition in restraint of marriage, or merely a limitation until marriage.

There are no words in this will prohibiting marriage on the part of either of the testator's sisters, either generally or with any particular persons. The annuity is payable to them "so long as they remain single," that is *until* they shall marry. These words do not prohibit marriage, nor indicate in any way the desire of the testator that his sisters should remain single; but the will merely provides for the payment of the annuity so long as they are presumed to need it, that is, so long as they remain single.

It is not necessary to review all the authorities cited by counsel, for they are ably reviewed in Scott *vs.* Tyler, 2 Leading Cases in Equity, pp. 340 to 416.

In Health *vs.* Lewis, (*Ib.* p. 398,) a testator bequeathed an

72

annuity to a single lady "during the term of her natural life, if she shall so long remain unmarried." The Lord Justices held this to be a limitation as distinguished from a condition and that the condition ceased when the lady married, and Lord Justice Knight Bruce said that "it is competent for a man to give to a single woman an annuity until she shall die or be married, whichever of the two events shall first happen."

In Webb *vs.* Grace (*Ib.* p. 397,) where there was an annuity with the proviso "that in case E. C. should at any time thereafter happen to marry," the annuity should be reduced from £40 to £20, it was held that E. C., having married, was entitled only to the reduced annuity.

The case at bar is stronger, for there is devise over to the sister who remains unmarried. Parsons and wife *vs.* Winslow, 6 Mass., 169. "Where property is limited to a person until marriage, and upon marriage then over, the limitation is good." "It is difficult," says Sir J. Wigram, V. C., "to understand how this could be otherwise; for in such a case there is nothing (in the will) to give an interest beyond the marriage." (*Ib.* p. 396.)

We are of the opinion that the annuity to Emily Cooper ceased with her marriage with Johnstone.

Decree accordingly.

J. Montgomery for Fanny Cooper.

E. Preston for Emily Johnstone.

Honolulu, July 25th, 1874.